UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MINA GAIL BRIDGES                           CIVIL ACTION NO. 05-1797

versus                                      JUDGE HICKS
                                            **REFERRED TO**:
COMMISSIONER OF THE SOCIAL                  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

Mina Gail Bridges ("Plaintiff") was 49 years old when ALJ E. Wilson Crump II denied her claim for benefits in January 2004. Plaintiff, who has a ninth grade education and past work experience as a garment inspector, based her claim to disability upon back and knee impairments. The Appeals Council denied a request for review of the ALJ's unfavorable decision. Plaintiff then filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties signed written consent to have a magistrate judge decide the case and, pursuant to the standing order of the district court governing social security cases and 28 U.S.C. § 636(c), this civil action was automatically referred to the undersigned for decision and entry of judgment.

While Plaintiff pursued this appeal, she filed a new application for benefits. She attaches to her brief a copy of a favorable decision rendered by ALJ Emory Curlee in 2006. The record of that decision is not before the court, but the ALJ's reasons rest largely upon medical records developed *after* the date of the decision under review in this case. This

appeal will be limited to whether the record presented to the agency in connection with this application provided substantial evidence for the ALJ's decision.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff had not engaged in substantial gainful activity (step one) and that she suffered from severe impairments (step two) in the form of post-operative diskectomy L4-L5 on the left and chondromalacia in both knees. The impairments did not meet or equal a listing (step three) that would compel a finding of disabled without regard to age, education or vocational factors.

The ALJ then reviewed the various medical records and reports, the testimony of the witnesses, and other evidence of record. After assessing and weighing that evidence, he determined that Plaintiff had a residual functional capacity ("RFC") to perform light work with only occasional climbing, balancing, stooping, kneeling, crouching or crawling. He then determined at step four that Plaintiff's RFC allowed her to return to her past relevant work as a garment inspector, as she performed that job.

Plaintiff raises a number of attacks upon the ALJ's decision, but the court need address only one. The absence of an adequately developed record and specific factual findings with regard to Plaintiff's past work requires that the agency's decision be reversed and the case be remanded for further proceedings.

The analysis in this case was terminated at the fourth step, which asks whether the claimant can perform her past relevant work. To make that determination, the ALJ must assess "the physical and mental demands of the work [the applicant has] done in the past." 20 C.F.R. §§ 404.1520(e) and 416.920(d). If the applicant can still do that "kind of work," the ALJ will find that the applicant is not disabled. Id. This determination may rest on descriptions of past work as actually performed or as generally performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990); Social Security Ruling 82-61.

The ALJ, in this case, specifically based his decision on Plaintiff's work as she actually performed it. Social Security Ruling 82-62 directs that past work experience be

"considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." The Ruling goes on to explain that the claimant is often the primary source for vocational documentation, and her statements must be carefully appraised and, in some cases, supplementary or corroborative information from other sources such as an employer or the Dictionary of Occupational Titles may be required.

Ruling 82-62 states in several places the importance of obtaining detailed information about the demands of the job and issuing a fully explained decision. The written decision "must contain" certain findings, including "(A) a finding of fact as to the physical and mental demands of the past job/occupation." The Ruling further explains:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.  Since this is an important and, in some cases, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

There is little record evidence regarding Plaintiff's past work.  A report that Plaintiff completed in connection with her application stated that she worked the garment inspector job for more than 10 years and that her duties were to "inspect jackets."  When asked to identify how many total hours each day Plaintiff spent walking, standing, sitting, etc., Plaintiff wrote that the job required her to stand for 8 hours each day.  None of the other categories were checked.  With respect to lifting and carrying, Plaintiff wrote that she had

to carry a "bundle of 10 jackets" and that the heaviest weight she lifted was 20 pounds. She did not check a weight in the frequent lifting category. Tr. 58.

Plaintiff testified at the hearing that she worked at Holloway Sports Wear as an inspector, inspecting jackets. She testified that she had to stand when performing the job and, consistent with the earlier form, said that she had to lift bundles of 10 jackets at a time. She did not know how much the bundles weighed. Plaintiff was asked what would keep her from doing that job or a similar one. She replied, "standing 8 hours." Tr. 243-44. Plaintiff later described the jackets as having a thick liner in them (Tr. 259), but there does not appear to have been any further development of the record with respect to Plaintiff's duties.

It is not surprising, based on this skimpy record, that the ALJ did not make specific findings about Plaintiff's past relevant work. He offered only a simple conclusion that Plaintiff could return to the work as she performed it. Tr. 20. In addition to the lack of evidence and findings regarding the garment inspector job, it appears that the RFC found by the ALJ would not permit Plaintiff to perform the garment inspector job as she described it. Plaintiff twice stated that the job required her to stand for 8 hours each day. The ALJ assessed an RFC for light work, subject to certain limitations. The ability to perform light work means a person can stand or walk, off and on, for a total of approximately 6 hours in an 8-hour work day. Social Security Ruling 83-10. Thus, a finding that Plaintiff has the RFC to perform light work does not necessarily mean that the Plaintiff can perform a more demanding job that requires standing for 8 hours per day.

The matters discussed above deprive the Commissioner's decision of substantial evidence. On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand). A judgment reversing the Commissioner's decision and remanding the case for further proceedings will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 2nd day of March, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE